UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CHARLOTTE S. WILSON, by and through the Personal Representative, Ernie Wheale,<br><br>Plaintiff,<br><br>v.<br><br>R-RANCH PROPERTY OWNERS' ASSOCIATION, and DOES 1-100,<br><br>Defendants. | No. 2:13-cv-435-EFB<br><br><br><br>ORDER |

This action is brought by Ernie Wheale in his representative capacity on behalf of the Estate of Charlotte S. Wilson. On December 4, 2013, the court heard plaintiff's counsel's motion to withdraw as plaintiff's attorney. ECF No. 21. Attorney Frederick Lundblade appeared telephonically on behalf of plaintiff; attorney Anna Niemann appeared on behalf of defendant. Mr. Wheale, the representative of the plaintiff estate did not appear. As stated on the record, the motion to withdraw is granted.

As required by Local Rule 182(d), Mr. Lundblade provided plaintiff's representative, Ernie Wheale, notice of his intent to cease representing plaintiff and sent Mr. Wheale a copy of the motion to withdraw at his last known mailing address. Affidavit of Frederick H. Lundblade (ECF No. 21-1) ¶ 4. Nonetheless, Mr. Wheale did not file an opposition or statement of non-

1

opposition to the motion, nor did he appear at the hearing on the motion.[1] Defendant filed a statement of non-opposition to the motion.

As provided in Local Rule 182(d), "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." California Rule of Professional Conduct 3-700(C)(1)(d) provides that an attorney may withdraw when the client "renders it unreasonably difficult for the member to carry out the employment effectively." Mr. Lundblade represented at the hearing that Mr. Wheale has failed to provide information necessary for Mr. Lundblade to effectively represent the plaintiff, including information necessary to respond to defendant's various discovery requests. Based on Mr. Lundblade's representations, the court finds that Mr. Wheale's conduct has made it unreasonably difficult for Mr. Lundblade to provide effective representation. Therefore, an adequate basis for withdrawal pursuant to Rule 3-700(c)(1)(d) has been established.

With Mr. Lundblade withdrawing as counsel, Mr. Wheale is left to pursue the interests of the estate without legal representation. Mr. Wheale, however, is not an attorney and is not permitted to appear on behalf of another in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (listing cases where pro se plaintiffs were precluded from asserting claims on behalf of others in a representative capacity); *Iannaccone v. Law*, 142 F.2d 553, 559 (2nd Cir. 1998) (administrator of estate may not proceed pro se on behalf of estate); *Jones v. Corr. Med. Servs. Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (same); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel . . . .") (emphasis added).

Accordingly, should Mr. Wheale wish to continue to pursue the interests of the estate, he must first obtain replacement counsel. At the hearing, Mr. Lundblade represented that he informed Mr. Wheale more than a month ago of his intentions to withdraw as counsel and advised

---

[1] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be filed and served no later than fourteen days preceding the noticed hearing date or, in this instance, by November 20, 2013. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

him to find replacement counsel. Although Mr. Wheale has had more than a month to find a new attorney, he is granted 30 additional days to retain new counsel and notify the court, in writing, of the name and address of replacement counsel. Should he fail to do so, this case cannot proceed.

Lastly, in defendant's statement of non-opposition, defendant requests that the court order Mr. Lundblade to provide Mr. Wheale's with copies of defendant's pending Set Two special interrogatories and a letter dated September 12, 2013, regarding factual deficiencies in previously served responses to defendant's Set One interrogatories. ECF No. 22 at 22. Mr. Lundblade represented at the hearing that Mr. Wheale was provided copies of these discovery requests within one week of service of each request, but failed to provide the information necessary for adequate responses. Although Mr. Wheale already has copies of the discovery requests, Mr. Lundblade stated that he would send additional copies of these requests to Mr. Wheale as a precaution. Responses to defendant's discovery requests were due on October 14, 2013, and Mr. Wheale has had more than enough time to respond to these requests. *See* ECF No. 21 at ¶ 8. Accordingly, Mr. Wheale shall serve on defendant the plaintiff's responses to its discovery requests within 30 days.

Mr. Wheale is admonished that failure to comply with this order may result in dismissal of this action for failure to prosecute under Rule 41(b) and/or failure to comply with court orders and Local Rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, it is hereby ORDERED that:

1. The motion to withdraw as counsel filed by plaintiff's counsel Frederick Lundblade and his firm, Black, Chapman, Weber & Stevens, ECF No. 21, is granted.

/////

2. Any filings, notices, or correspondence shall be served upon Ernie Wheale at his last known mailing address, P.O. Box 1155, Shady Cove, OR 97539.

3. Ernie Wheale, should he wish to proceed in this action, shall obtain replacement counsel and notify the court, in writing, of the name and address of replacement counsel on or before January 3, 2014.  Failure to do so may result in the dismissal of this action for failure to prosecute.

4. Within 7 days of the date of this order, Frederick Lundblade shall personally serve on Ernie Wheale a copy of this order and copies of defendant's Set Two special interrogatories, Set One interrogatories, and the letter dated September 12, 2013, regarding the deficiencies of plaintiff's responses to defendant's Set One interrogatories.

5. On or before January 3, 2014, Ernie Wheale shall serve on plaintiff responses to defendant's discovery requests.

DATED: December 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE