UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CHARLOTTE S. WILSON, by and through the Personal Representative, Ernie Wheale,<br><br>Plaintiff,<br><br>v.<br><br>R-RANCH PROPERTY OWNERS' ASSOCIATION, a California corporation; and DOES 1-100,<br><br>Defendant. | No. 2:13-cv-435-EFB<br><br><br><br>ORDER |

This action is brought by Ernie Wheale in his representative capacity on behalf of the Estate of Charlotte S. Wilson.[1]  On October 28, 2013, counsel for plaintiff, Frederick Lundblade, filed a motion to withdraw as plaintiff's attorney.  ECF No. 21.  A hearing on that motion was held on December 4, 2013.  ECF No. 24.  At the hearing, Mr. Lundblade represented that Mr. Wheale had failed to provide information necessary to respond to defendant's various discovery requests.  The court found that Mr. Wheale's conduct made it unreasonably difficult for Mr. Lundblade to provide effective representation and therefore granted Mr. Lundblade's motion to withdraw as counsel.  ECF No. 25.

---

[1] This case is before the undersigned pursuant to the parties' consent. ECF No. 13; *see* 28 U.S.C. § 636(c)(1).

1

1        The December 4, 2013 order granting Mr. Lundblade's motion explained that Mr. Wheale, who no longer had legal representation, was not permitted to pursue the interest of the Estate of Charlotte S. Wilson without an attorney.  *Id*. at 2; *see Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (listing cases where pro se plaintiffs were precluded from asserting claims on behalf of others in a representative capacity); *Iannaccone v. Law*, 142 F.2d 553, 559 (2nd Cir. 1998) (administrator of estate may not proceed pro se on behalf of estate); *Jones v. Corr. Med. Servs. Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (same)*; see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases personally or by counsel . . . .*") (emphasis added).  Therefore, Mr. Wheale was provided 30 days to retain counsel and to notify the court, in writing, of the name and address of replacement counsel.  Although Mr. Wheale was personally served a copy of the court's December 4, 2013 order, ECF No. 27, he failed to timely respond to that order.

        On January 17, 2014, defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and noticed the motion for hearing on February 26, 2014.  ECF No. 28.  Plaintiff did not file an opposition to the motion to dismiss, nor did Mr. Wheale respond to the court's December 4, 2013 order.  Therefore, on February 20, 2014, the court continued the hearing on defendant's motion to dismiss to March 26, 2014, and ordered plaintiff to show cause, in writing, no later than March 12, 2014, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.  ECF No. 30.  Plaintiff was also ordered to file an opposition or statement of non-opposition to the pending motion by March 12, 2014.  *Id*. at 2.  Plaintiff was admonished that failure to file an opposition will be deemed a statement of non-opposition, and may result in dismissal of this action for lack of prosecution.  *Id*.  As of the date of this order, no response to the December 4, 2013 order or the February 20, 2014 order to show cause has been filed with the court.

/////

/////

/////

On April 2, 2014, a hearing was held on defendant's motion to dismiss this action for failure to prosecute.[2] Attorney Anna Niemann appeared on behalf of the defendant; plaintiff failed to appear. At the hearing, Ms. Niemann stated that she had not had any communication with Mr. Wheale or the Estate since Mr. Lundblade withdrew as counsel.

In light of Mr. Wheale's failure to obtain new counsel, failure to appear at the April 2, 2014 hearing, and failure to respond to this court's orders, it appears that he has abandoned this action, which he commenced on behalf of the Estate of Charlotte S. Wilson. Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 28, is granted;

2. This action is dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

3. The Clerk is directed to close this case.

DATED: April 2, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] On March 24, 2014, the court issued a minute order continuing the hearing on defendant's motion to April 2, 2014. ECF No. 31.